# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| TRACY SMITH,<br><br>    Plaintiff,<br>v.<br>ZACHERY MYERS, et al.<br><br>    Defendants. | No. 5:25-cv-03096-HDV-BFM<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

## SUMMARY OF ORDER

This action involves a pro se civil rights complaint filed by Plaintiff Tracy Smith. Plaintiff alleges that criminal charges were brought against her despite an agreement with the San Bernardino District Attorney's Office not to file such charges. She claims the filing of charges violated her Fourth and Fourteenth Amendment rights and led to fifteen months of false imprisonment.

In evaluating Plaintiff's application for in forma pauperis status, the Court is required to dismiss the case if it determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). It appears that may be the case here as the Complaint does not appear to state a federal claim

1 against any of the named Defendants. And without a viable federal claim, the
2 Court would not be inclined to accept supplemental jurisdiction over Plaintiff's
3 state law claims.

4 The Court therefore orders Plaintiff to explain why her case should not be
5 dismissed. **If Plaintiff fails to timely respond to this order, the Court may**
6 **recommend that this action be dismissed without prejudice for failure**
7 **to prosecute**.

**ORDER**

**A. Legal Standard**

Where a plaintiff seeks permission to proceed in forma pauperis, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual claims in the Complaint and views all inferences in a light most favorable to her. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Because Plaintiff is not represented by counsel, the Court construes the Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

2

**B.     Factual Background**

The Complaint alleges the following facts, taken as true for purposes of this Order:

In May 2022, the San Bernardino County District Attorney's Office agreed not to file a "sales case" against Plaintiff, and Plaintiff was released from custody. (ECF 1 ("Compl.") ¶¶ 6-7.) Despite this agreement, Defendant Zachery Myers caused a case to be filed against Plaintiff in September 2022. (Compl. ¶ 8.) Plaintiff was detained for approximately fifteen months until she posted bail. The charges were ultimately dismissed in May 2025. (Compl. ¶ 9.)

**C.     Analysis**

Claim One alleges a violation of Plaintiff's Fourth and Fourteenth Amendment rights. Constitutional violations may be remedied under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a complaint must allege: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Where a plaintiff seeks to impose liability on a municipality under § 1983, she must identify an official policy or custom that caused her injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). If there is no express policy, a plaintiff must allege the existence of a "persistent and widespread" custom. *Trevino v. Gates*, 99 F.3d 911, 918 (citing *Monell*, 436 U.S. at 691). Liability for an improper custom "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* Here, the Complaint does not identify a specific policy maintained by San Bernardino County or the District Attorney's Office that is the driving force behind Defendants' actions. Nor do the allegations suggest the existence of an improper custom; Plaintiff only references her own experience,

3

which is insufficient. It appears, then, that the Complaint fails to state a claim under § 1983 against the County and the District Attorney's Office.

Plaintiff's claim against Zachery Myers, who appears to be an attorney at the District Attorney's Office, fares no better. She alleges that Myers "caused a case to be filed against her" despite the District Attorney's Office's prior agreement not to file a case against her. (Compl. ¶¶ 6, 8.) Prosecutors, however, are immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" so long as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). This immunity covers the "knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001). Plaintiff's claims against Myers appear to be barred by such immunity since they are based on his decision to initiate criminal proceedings against her. Whether that decision was contrary to a prior agreement would appear to have no bearing on whether the immunity applies.

Given the above, Plaintiff's state law claims would also be subject to dismissal. To have such claims heard in federal court, there would have to be a related federal question present in her case; if there is not, this Court lacks jurisdiction over her state claims. *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015). Claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Id.*; *see also White v. White*, 731 F.2d 1440, 1442 (9th Cir. 1984) ("Federal jurisdiction exists if a complaint claims a right to recover under the Constitution and laws of the United States and the claim is not wholly insubstantial and frivolous"). Because there appears to be no viable federal claim, the Court appears to lack jurisdiction over Plaintiff's state law claims.

4

**CONCLUSION**

For these reasons, it appears that in forma pauperis status should be denied, and the case dismissed without leave to amend. Before the Court recommends denial of the IFP application, however, the Court will give Plaintiff an opportunity to respond. Plaintiff is therefore ordered to show cause—to explain in writing—why the Court should not recommend denial of IFP status. Plaintiff's response should be filed **no later than January 12, 2026**. **Plaintiff's failure to file a timely response as ordered may result in the Court recommending that her case be dismissed without prejudice for failure to prosecute and to follow court orders.**

DATED: December 12, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE